1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIS DAVIS,                          No.  2:21-cv-2164 DB P

12                    Petitioner,

13       v.                                 ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   L. MARTINEZ, Warden,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

19   Petitioner seeks an order granting him a new parole suitability hearing based on his allegation that

20   the board failed to properly consider his status as a youth offender.  For the reasons set forth

21   below the court will grant the motion to proceed in forma pauperis and recommend that the

22   petition be dismissed.

23                              **IN FORMA PAUPERIS**

24          Examination of the in forma pauperis application reveals that petitioner is unable to afford

25   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

26   28 U.S.C. § 1915(a).

27   ////

28   ////

                                            1

**SCREENING**

## I.      Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court."

## II.      The Petition

Petitioner is serving a 15 years-to-life sentence pursuant to a second-degree murder conviction in the San Joaquin County Superior Court.  (ECF No. 1 at 1, 2.) The basis for relief in this action is a September 10, 2020 finding by the Board of Parole Hearings (BPH) that he was unsuitable for parole.  Petitioner argues that the commissioners failed to give "great weight" to his status as a youth offender.  (Id. at 2-3, 9-19.)

## III.      Analysis

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor.  See Swarthout v. Cooke, 562 U.S. 216 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.  Id. at 220-21.

The Supreme Court has acknowledged that Ninth Circuit's determination that California law governing parole creates a cognizable liberty interest for purposes of analyzing a due process claims is a "reasonable application of [Supreme Court] cases," but the Court emphasized that any such liberty interest is "a state interest created by California law."  Swarthout, 562 U.S. at 219-20 (emphasis in original).  Federal due process protection for such state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met.  Id. at 221; Greenholtz, 442 U.S. at 16.

2

The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.  Swarthout, 562 U.S. at 221; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").  This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole.  Swarthout, 562 U.S. at 220.  The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Petitioner's sole ground for relief alleged in the petition, is that the commissioners failed to give adequate weight to his status as a youth offender during his parole hearing.  (ECF No. 1 at 5-19.)  However, this argument alleges only a violation of state law, for which federal habeas relief is unavailable.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief is unavailable for alleged state law violations).

Petitioner included along with the petition a copy of the transcript from his September 10, 2020 hearing.  Review of the transcript shows that petitioner received both an opportunity to be heard and a statement of reasons supporting the commissioners' determination that petitioner was not suitable.  (ECF No. 1 at 23-86.)  Because it is clear that petitioner received both an opportunity to be heard and a statement of reasons for the denial of parole, the court cannot grant relief on his claim that the commissioners failed to correctly analyze the factors.  Roberts, 640 F.3d at 1046 ("A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court shall randomly assign this action to a United States District Judge.

////

1    IT IS HEREBY RECOMMENDED that the petition be dismissed because the sole ground

2  alleged is not cognizable in a federal habeas action.

3    These findings and recommendations will be submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days

5  after being served with these findings and recommendations, petitioner may file written

6  objections with the court and serve a copy on all parties.  The document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner

8  may address whether a certificate of appealability should issue in the event he files an appeal of

9  the judgment in this case.  See 28 U.S.C. § 2253(c) (absent a certificate of appealability, an

10  appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding

11  or a proceeding under 28 U.S.C. § 2255).  Failure to file objections within the specified time may

12  result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153

13  (9th Cir. 1991).

14  Dated:  February 3, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/davi2164.scrn fr

4